**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000567
13-DEC-2012
09:15 AM**

NO. CAAP-11-0000567


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALFREDO BAUTISTA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(Case Nos. 2P109-001633 and 2DTA-09-00729)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Alfredo Bautista appeals from his
convictions, which were entered initially on March 23, 2011 in
the District Court of the Second Circuit, Wailuku Division
(district court),[1] for (1) Operating a Vehicle Under the
Influence of an Intoxicant (OVUII) in violation of Hawaii Revised
Statutes (HRS) § 291E-61(a) and (b) (2007);[2] (2) Accidents

---

[1]    The Honorable Barclay E. MacDonald presided.

[2]    HRS § 291E-61(a) provides,

A person commits the offense of operating a vehicle under
the influence of an intoxicant if the person operates or
assumes actual physical control of a vehicle: (1) While
under the influence of alcohol in an amount sufficient to
impair the person's normal mental faculties or ability to
care for the person and guard against casualty; (2) While
under the influence of any drug that impairs the person's
ability to operate the vehicle in a careful and prudent
manner; (3) With .08 or more grams of alcohol per two
hundred ten liters of breath; or (4) With .08 or more grams
of alcohol per one hundred milliliters or cubic centimeters
of blood.

Involving Damage to Vehicle or Property in violation of HRS § 291C-13 (Supp. 2011);[3] (3) Inattention to Driving in violation HRS § 291-12 (Supp. 2011) (Inattention);[4] and (4) Harassment in violation of HRS § 711-1106(1)(A) (Supp. 2011) (Harassment).[5]

Bautista asserts three points of error:[6] (1) The complaint failed to specify that he violated HRS § 291E-61(a) intentionally, knowingly, or recklessly; (2) The district court erred in convicting him of Harassment under HRS § 711-1106(1) because it based its determination on a finding of recklessness instead of the necessary intent to harass, annoy or alarm the complainant; [Id. at 10-11.] and (3) The district court erred in convicting him of a violation of HRS § 291-12 because it failed to find that Bautista acted intentionally, knowingly or recklessly.

---

[3] HRS § 291C-13 provides in part,

The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property that is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to, and in every event shall remain at, the scene of the accident until the driver has fulfilled the requirements of section 291C-14 [describing duty to give information and render aid].

[4] HRS § 291-12 provides,

"Whoever operates any vehicle without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100 which shall be deposited into the trauma system special fund."

[5] HRS § 711-1106(1)(A) provides, "A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person [s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact."

[6] Although Bautista asks that his "convictions" be reversed, he provides no argument that the adjudication Count Two, Accident Involving Damage to Vehicle or Property under HRS § 291C-13, is infirm. Therefore, we leave undisturbed the judgment against him on this traffic infraction. See Hall v. State, 10 Haw. App. 210, 218, 863 P.2d 344, 348 (1993) (disregarding points of error for failure to present discernible arguments supporting those assignments of error).

Plaintiff-Appellee State of Hawai‘i (the State) requests that judgment be vacated and the case dismissed without prejudice as to the OUVII charge based on State v. Wheeler, 121 Hawai‘i 383, 393, 219 P.3d 1170, 1180 (2009). Finally, the State asks that judgment be vacated and the case remanded for retrial on the Inattention charge.

Based on our review of the issues raised, the positions of the parties and the record, we resolve Bautista's points of error as follows:

(1) Bautista challenges the OVUII charge and the State agrees that the charge should be dismissed without prejudice based on Wheeler because it does not contain the "public roads or highway" definition of operating a vehicle. Our review of the charge reveals the State's concession of error is well-founded. See State v. Hoang, 93 Hawai‘i 333, 336, 3 P.3d 499, 502 (2000) ("it is incumbent on the appellate court first to ascertain that the confession of error is supported by the record and well-founded in law") (citation, internal quotation marks, brackets, and ellipsis omitted).

(2) In its determination as to Count Four, the district court found that there was sufficient evidence to believe that Bautista touched the complainant's shoulder and dragged his hand down to her right breast with "at least with reckless disregard that it was an offensive touching and that he therefore is guilty of the harassment." Bautista argues that the district court erred in convicting him of Harassment under HRS § 711-1106(1) because it based its determination on a finding of recklessness instead of the necessary intent to harass, annoy or alarm the complainant. The State concedes that in the instant case, the district court erred in its ruling that recklessness sufficed for the mens rea element of harassment.

A finding that a defendant acted with a reckless state of mind is insufficient to support a conviction for Harassment under HRS § 711-1106(1). See State v. Pesentheiner, 95 Hawai‘i 290, 300-01, 22 P.3d 86, 96-97 (App. 2001). On the other hand,

3

the district court's use of the phrase "at least" strongly implies that the district court did not make a definitive finding that Bautista did not act with the necessary mens rea and the district court's finding that there was sufficient evidence of touching was sufficient evidence of offensive physical conduct to otherwise sustain the charge. Accordingly, the judgment as to Count Four is vacated and remanded for retrial. Id. at 301, 22 P.3d at 97.

(3) Bautista asserts that the district court erred in convicting him of Inattention because it failed to find that Bautista acted intentionally, knowingly or recklessly. The district court made a general finding of guilt as to all counts. As neither party requested specific findings of fact, this issue has been waived. State v. Bush, 98 Hawai'i 459, 461, 50 P.3d 428, 430 (App. 2002).

Therefore, we affirm the District Court of the Second Circuit, Wailuku Divison's July 25, 2011 "Amended Judgment and Order Consolidating Judgments of all Counts and Order of Discharge of Restitution" as to Counts Two and Three, vacate the judgment as to Count Four and remand it for retrial, and instruct the district court on remand to dismiss Count One without prejudice.

DATED: Honolulu, Hawai'i, December 13, 2012.

On the briefs:

Matthew N. Padgett,
for Defendant-Appellant.

Renee Ishikawa Delizo
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4